William Frank **EPPERSON**, a minor, Individually and William Irvin Epperson, Individually and as next friend, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

The **BOARD OF TRUSTEES, PASADENA INDEPENDENT SCHOOL DISTRICT** et al., Defendants.

Civ. A. No. 74–H–394.

United States District Court,
S. D. Texas,
Houston Division.

Dec. 31, 1974.

**318**

Henry M. Rosenblum, Wesley H. Hocker, William W. Kilgarlin, Carol Nelkin, Houston, Tex., for plaintiffs.

Stanley D. Baskin, Baskin, Fakes & Stanton, Pasadena, Tex., for defendants.

## MEMORANDUM AND ORDER

SEALS, District Judge.

The Court, having considered Defendants' Motion to Dismiss and Plaintiff's Answer thereto, and Plaintiffs' Motion to Maintain a Class Action and Defendants' Answer thereto, hereby orders:

Defendants' Motion to Dismiss is granted.

The Plaintiffs' Motion to Maintain a Class Action is denied.

The Plaintiffs are a child who was five years old at the time of the filing of this cause of action, his father, and an unnamed group of persons allegedly similarly situated. The child was attending the Kindergarten Department of Golden Acres Elementary School of the Pasadena Independent School District. Plaintiffs are complaining of hair length regulations of the School District which were invoked by the Defendants to prevent the child from attending classes. The child's parents desired to keep the child's hair as it was and declined to conform the child to the regulations. It is Plaintiffs' contention that because of certain birth defects affecting the shape of the child's head, and the shape and placement of his ears that these regulations, if applied to this child, could adversely affect his psychological well being, and that the regulations in existence at the time of the filing of this litigation were unconstitutional. This Court granted a temporary restraining order requiring that the child be permitted to attend school. He was permitted to do so, and it was subsequently made known to the Court by Defendants that due to certain adjustments in the child's hair length he was within the regulations originally complained of.

It is the opinion of this Court that Defendant's Motion to Dismiss is well founded. The Court of Appeals has clearly stated that there is no right "within the plain meaning of the Constitution" "to wear one's hair in a public high school in the length and style that suits the wearer." Karr v. Schmidt, 460 F.2d 609, 613 (5th Cir.), cert. denied, 409 U.S. 989, 93 S.Ct. 307, 34 L.Ed.2d 256 (1972). It is the opinion of this Court that *Karr* is applicable to the case at bar even though the child attends an elementary rather than a high school. The Court finds that this opinion is supported by Lansdale v. Tyler Junior College, 470 F.2d 659 (5th Cir. 1972), cert. denied, 411 U.S. 986, 93 S.Ct. 2268, 36 L.Ed.2d 964 (1973), where the Court of Appeals held as follows:

What is emphasized in today's decision is that the extent to which it is reasonable to invade personal liberty by the adoption of haircut regulation changes with true variations between educational situations and types of students. For example, a post-graduate college or adult education classroom is not the same as a kindergarten or a 9th grade homeroom, just as certainly as the 24-year-old post-grad is twice the age of the 12-year-old sixth grader. . . . The place where the line of permissible hair style regulation is drawn is between

the high school door and the college gate.

*Id.* at 663. Thus, the same standard of review as enunciated in *Karr* which is applicable to high school hair length regulations is also applicable to elementary school hair length regulations. It is the opinion of this Court that the regulations in existence at the time of the filing of this cause of action satisfy the test in *Karr* as they were "reasonably intended to accomplish a constitutionally permissible state objective. *Karr,* 460 F.2d at 616.

Because it has been found that the rule in *Karr* is applicable to the case at bar, this Court has little discretion on the question of granting Defendants' Motion to Dismiss. As the Court of Appeals explicitly stated:

> Given the very minimal standard of judicial review to which these regulations are properly subject in the federal forum, we think it proper to announce a per se rule that such regulations are constitutionally valid. Henceforth, district courts need not hold an evidentiary hearing in cases of this nature. Where a complaint merely alleges the constitutional invalidity of a high school hair and grooming regulation, the district courts are directed to grant an immediate motion to dismiss for failure to state a claim for which relief can be granted.

*Id.* at 617–618 (footnote omitted). Therefore, this Court reluctantly grants the Motion to Dismiss because, even though this Court disagrees with the decision in *Karr,* the rule to be followed by district courts in this Circuit has been clearly enunciated.

It should be noted that the regulations complained of have been amended as of July 18, 1974. The new regulations permit hair on male students to be worn down to the level of the middle of the ear, and there is also a provision for medical exceptions to the grooming code. Since the two major complaints made by the Plaintiffs have now been mooted by the change in the regulations, it appears that there is no longer any controversy between the parties upon which to predicate a cause of action complaining of federal constitutional violations. Thus, even if *Karr* did not require dismissal, mootness and lack of a controversy would suffice as grounds for dismissal.

In regard to Plaintiffs' Motion to Maintain a Class Action, inasmuch as this cause of action properly merits dismissal, the Plaintiffs now have no ground on which to base a class action. However, even were this cause of action to remain viable, this Court doubts seriously Plaintiffs' claim that they could maintain a class action within the meaning of Rule 23 of the Federal Rules of Civil Procedure. This child was in a very unique situation not easily permitting the identification of a class of persons similarly situated. However, this question is certainly moot as the cause of action is being dismissed.

The Clerk shall file a copy of this Memorandum and Order and provide all parties with a true copy.